**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-5199**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LEONICIO GARCIA, a/k/a Nicho, a/k/a Leno, a/k/a Tio, a/k/a
Leo, a/k/a Valente Garcia,

Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Columbia.   Joseph F. Anderson, Jr., District
Judge.  (3:06-cr-00797-JFA-1)

Submitted:  July 22, 2010          Decided:  August 3, 2010

Before WILKINSON, AGEE, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Herbert W. Louthian, Jr., LOUTHIAN LAW FIRM, P.A., Columbia,
South Carolina, for Appellant.   Jane Barrett Taylor, Assistant
United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Leonicio Garcia appeals his conviction and 235 month sentence for conspiracy to possess with intent to distribute and distribute heroin and cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1), 846 (2006) (Count 1); unlawful entry into the United States, in violation of 8 U.S.C. § 1326(a) (2006) (Count 99); and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(a)(1), (h) (2006) (Count 104). Appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), contending there are no meritorious issues on appeal, but questioning whether Garcia's guilty plea was valid and whether the district court erred in applying a two level enhancement for possession of a firearm under U.S. Sentencing Guidelines Manual ("USSG") § 2D1.1(b)(1) (2008). Garcia has filed a pro se supplemental brief, asserting that his guilty plea was invalid, as his attorney advised him to admit to conduct he did not commit, and that his attorney was ineffective in advising him to stipulate to being a leader in a conspiracy, telling him to agree to everything that was said during sentencing, failing to argue more vigorously for a greater downward departure, and misleading him through threats and duress into entering a guilty plea. The Government has declined to file a brief. We affirm.

Because Garcia failed to challenge the validity of his guilty plea before the district court, our review is for plain error. United States v. Martinez, 277 F.3d 517, 525-27 (4th Cir. 2002). "To establish plain error, [Garcia] must demonstrate that an error occurred, that the error was plain, and that the error affected his substantial rights." United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2009). Even if Garcia makes such a showing, we will not recognize the error unless it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id.

Prior to accepting a guilty plea, the district court, through colloquy with the defendant in open court, must inform the defendant of, and determine that the defendant understands, the nature of the charges to which the plea is offered, any mandatory minimum penalty, the maximum possible penalty he faces, and the various rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b). In addition, the court must ascertain that the plea is voluntary and that there is a factual basis for the plea. Fed. R. Crim. P. 11(b)(2), (3). After reviewing the record, we find that Garcia's guilty plea was knowingly and voluntarily entered, in compliance with Rule 11. Accordingly, we find that his guilty plea was valid, and this issue is without merit.

Next, Garcia's counsel contends that the district court erred in enhancing his sentence due to his possession of a firearm, pursuant to USSG § 2D1.1(b)(1). However, because Garcia stipulated to the applicability of such an enhancement in his plea agreement, this issue is without merit.

In accordance with <u>Anders</u>, we have reviewed the record and found no meritorious issues on appeal. Additionally, we have reviewed the claims raised in Garcia's supplemental brief and found them to be unavailing. Therefore, we affirm the judgment of the district court. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately expressed in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>